■ WE'RE ASSOCIATES COMPANY, Respondent, v LANDA, PICARD & WEINSTEIN, Appellant.—In an action to determine the rent on certain leased property, the lessee Landa, Picard & Weinstein appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated May 1, 1987, which determined, based upon an agreed statement of facts, inter alia, that the "annual rental rate" during the first extension period of the parties' lease was $48,438.31 per year and that the additional rent as computed under article "11.B" of the lease for the first year of the extension period was $6,237.31, subject to further increases "as of each January 1st" during the extension period.

Ordered that the judgment is affirmed, with costs.

We find that the lease provisions are unambiguous with respect to the computation of rent for the first extension period of the parties' lease covering the three years from January 1, 1986 to December 31, 1988.

During the first five years of the lease (Jan. 1, 1981 to Dec.

31, 1985), the appellant was required to pay, pursuant to article 3, an "annual rental rate" (hereinafter base rent) of $42,201, subject to article 11 and schedule "C" of the lease. Article 11 (B) provided, in pertinent part, for an increase in the base rent due to a change in the Consumer Price Index (hereafter CPI) for the area in which the property is situated for each and every calendar year of the term of the lease, as extended by "any renewal option provided in Article 46". This renewal option set forth in article 46 provided that the tenant had the right to extend the term of the lease for one successive period of three years and one successive period of two years.

Contrary to the appellant's contention, article 46 specifically provided for the recomputation of the base rent during the extension periods. Specifically, that lease provision stated that the base rent for the first extension period was to be $42,201 "plus that percentage of [42,201] as is equal to 50% of the percent of increase (if any)" in the CPI during a specified time period. The parties agreed that this additional amount was $6,237.31. Therefore, the base rent for each of the three years of the first extension period was to be $48,438.31 ($42,201 + $6,237.31).

Moreover, since all the other terms of the lease were to be applicable during the extension periods, the appellant was required to pay any article 11 increases and schedule C charges for the additional years. Therefore, the appellant was properly directed to pay, in addition to its new yearly base rent of $48,438.31, any yearly increase due to a change in the CPI as calculated pursuant to article 11. For the first year of the first extension period (Jan. 1, 1986 to Dec. 1, 1986) that additional amount for the change in CPI was $6,237.31. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.